UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| GLORIA ANN CLAYTON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ANNE E. GOOD,<br><br>　　　　　Defendant. | Case No. 1:14-cv-794<br><br>Honorable Robert Holmes Bell<br><br>**REPORT AND RECOMMENDATION** |

This is a *pro se* civil action brought by Gloria Clayton. The named defendant is Anne E. Good, Director of the Michigan Department of Treasury, Office of Collections. Plaintiff lists herself in the caption of the complaint as "clayton, gloria, a Counterclaimant Accusor." (docket # 1 at 1, Page ID 1). She states that a warrant was issued for her arrest November 5, 2010, and that she was "finger printed on 11-15-10 for alleged welfare fraud[.]" (*Id.* at 2, Page ID 2). She indicates that this criminal charge was dropped and the case was closed on December 22, 2010. (*Id.*).

Anne E. Good's name appears in the caption of the complaint, but there are no specific factual allegations against her in the body of the complaint. A *pro se* complaint that merely names a person as a defendant without alleging specific conduct by that individual is subject to summary dismissal as frivolous. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *LaMie v. Wright*, No. 1:12-cv-1299, 2014 WL 1686165, at * 17 (W.D. Mich. Apr. 29, 2014) (collecting cases); *Cameron v. Howes*, No. 1:10-cv-539, 2010 WL 3885271, at * 6 (W.D. Mich. Sept. 28, 2010) (same).

Documents attached to the complaint suggest that plaintiff may be attempting to collaterally attack the "Warrant-Notice of Levy for State Agency Debt" issued against two credit union accounts. (*See* Exhibits J-1, J-2, docket # 1-1, Page ID 26-27). Plaintiff refers to "ANNE E GOOD AGENT MICHIGAN TREASURY, OFFICE OF COLLECTION" (docket # 1 at 1, Page ID 1) and plaintiff's complaint is replete with references to the Fair Debt Collection Practices Act (FDCPA). However, the FDCPA specifically excludes from the definition of "debt collector" a State employee attempting to collect any debt in the performance of her official duties. 15 U.S.C. § 1692a(6)(c). Further, the complaint contains a list of federal criminal statutes, but plaintiff lacks standing to enforce such statutes. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Sefa v. Kentucky*, 510 F. App'x 435, 438 (6th Cir.2013).

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. (docket # 3). Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege " 'enough facts to state a claim to relief that is plausible on its face' " must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if she pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678–79). In applying these standards, the court must read plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's factual allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I conclude that plaintiff has stated no plausible claim against defendant.

## Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Dated:  February 20, 2015          /s/  Phillip J. Green
                                   United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).